UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Nancy Kehm,<br>　　　　Plaintiff<br><br>v.<br><br>Accounts Receivable Management, Inc.,<br>Tony Doe and Kyle Doe<br>　　　　Defendants | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"),

violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

## PARTIES

4. Plaintiff, Nancy Kehm is a natural person who resides in the town of Lehighton, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Account Receivable Management, Inc. (hereinafter referred to as "ARM"), is upon information and belief an New Jersey Corporation, with a business address at 155 Mid Atlantic Parkway, Thorofare, NJ 08086.

6. Defendant, Tony Doe (hereinafter "Tony") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant, Kyle Doe (hereinafter "Kyle") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. At all times relevant to this Complaint, all Defendants transacted business in the Middle District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff, Kehm allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a Target account.

10. Plaintiff allegedly became delinquent on said account and unable to make her monthly payments due to circumstances beyond her control.

11. Plaintiff's account was assigned, sold or otherwise transferred to Defendant ARM for collection.

12. On or around December 8, 2008, Defendant ARM through its agent/employee, Defendant Tony, placed a telephone call to Ms. Kehm's residence.

13. During the December 8, 2008 telephone call, Defendant Tony advised Ms. Kehm that she should ask family members for money to pay the debt. When Ms. Kehm informed Defendant Tony that she could not ask family members for money, Defendant Tony stated that a federal law required him to advise her that he would be filing a docket of refusal with the court.

14. Defendants' statements as contained in Paragraph 13 of Plaintiff's Complaint violate numerous provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7) 1692e(10), 1692f and 1692f(1) amongst others.

15. On or around December 10, Defendant ARM through its agent/employee, Defendant Kyle, placed a telephone to Ms. Kehm's residence.

16. During the December 10, 2008 telephone call, Defendant Kyle stated to Ms. Kehm that by law if she did not agree to make a payment a lawsuit would have to be filed and charges brought.

17. Defendants' statements as contained in Paragraph 16 of Plaintiff's Complaint violate numerous provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7) 1692e(10), 1692f and 1692f(1) amongst others.

18. On or around December 15, 2008, Defendant ARM through its agents/employees placed a telephone call to Ms. Kehm's residence. Upon hearing the telephone ring, Ms. Kehm rose up and attempted to answer the telephone. As Ms. Kehm answered the phone the party on the other line immediately hung up. Ms. Kehm then proceed to call back the phone number listed on her caller ID and was connected with a secretary at ARM.

19. After speaking briefly with a secretary employed by Defendant ARM, Ms. Kehm was connected with Defendant Kyle. Ms. Kehm reiterated to Defendant Kyle that she did not have the funds to pay the alleged debt. Defendant Kyle then advised Ms. Kehm that the collection calls would not end just because she did not have the money to pay the debt. Defendant Kyle also informed Ms. Kehm that a lawsuit was going to be filed because no payment had been received.

20. Defendants' actions and statements as contained in Paragraph 18 and 19 of Plaintiff's Complaint violate numerous provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6) 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7) 1692e(10), 1692f and 1692f(1) amongst others.

21. In addition to the calls referenced above, Plaintiff has received multiple calls from Defendants wherein Defendants failed to leave any meaningful message or disclose their identity, in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692 d, 1692d(5), 1692d(6), 1692e, 1692e(10) and 1692f amongst others.

22. While attempting to collect the alleged debt from Plaintiff, the Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society the standards employed by others in its industry.

23. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Ms. Kehm has sustained actual damages in the form of extreme stress, fear, humiliation, and embarrassment.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

27. As a result of each of Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)

## 73 P.S. § 2270.1 et. seq.

# AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

# 73 P.S. § 201-1 et. seq.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

30. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

31. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

32. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

   (a) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Placing phone calls to any person without the meaningful disclosure of identity;

(c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(d) Falsely representing the character, amount or legal status of any debt;

(e) Falsely representing that that the nonpayment of any debt will result in the arrest or imprisonment of any person, or the seizure, garnishment, or attachment of any property or wages;

(f) Falsely threatening to take any action that cannot legally be taken or that is not intended to be taken;

(g) Falsely representing that the consumer committed any crime or other conduct in order to disgrace the consumer;

(h) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

33. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

(c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(d) Falsely representing the character, amount or legal status of any debt;

(e) Falsely representing that that the nonpayment of any debt will result in the arrest or imprisonment of any person, or the seizure, garnishment, or attachment of any property or wages;

(f) Falsely threatening to take any action that cannot legally be taken or that is not intended to be taken;

(g) Falsely representing that the consumer committed any crime or other conduct in order to disgrace the consumer;

(h) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

33. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

34. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns of affairs of the Plaintiff.

37. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

38. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs.

39. The intrusion by Defendants occurred in way that would be highly offensive to a reasonable person in Plaintiff's position.

40. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. §1692 et seq.**

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

## **COUNT II.**

## **VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)**

## **73 P.S. § 2270.1 et. seq.**

# AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the Defendants from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to73 P.S.§ 201-9.2(a).

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- Actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA, FCUEA and UTPCPL

violations and invasions of privacy in an amount to be determined at trial;

- punitive damages from each and every Defendant for the malicious, intentional, willful, reckless, wanton and negligent violations of the FDCPA, FCUEA and UTPCPL and invasions of privacy in an amount to be determined at trial;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: December 15, 2008

**RAPA LAW OFFICE, P.C.**

By: _____
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Nancy Kehm, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: __12/12/08___

Nancy Kehm